Alfred D. Ward and Thomas D. Warren, Appellants,
v. John M. Gartside and Annie L. Gartside, Appellees.

Gen. No. 21,383. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN
P. McGOORTY, Judge, presiding. Heard in this court at the March
term, 1915. Affirmed. Opinion filed January 3, 1916. *Certiorari*
denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Alfred D. Ward and Thomas D. Warren,
complainants, to foreclose a mortgage made by John
M. Gartside and Annie L. Gartside, defendants. Defendants answered and Annie L. Gartside filed a cross-
bill praying that the mortgage be declared void. The
court decreed that the bill be dismissed for want of
equity and that the prayer of the cross-bill be granted.
From this decree, complainants appeal.

The evidence showed that Lawrence J. Haughton of
Asheville, North Carolina, died owning several thou-
sand acres of land in Jones county, North Carolina.
By his will E. L. Haughton and W. M. Jones were ap-
pointed executors and were given "full power to sell
my plantation in Jones County known as Ravenswood
and to make a deed for the same." E. L. Haughton
died before the occurrence of the transaction in ques-
tion. Jones, as surviving executor, by an instrument
in writing executed by him on August 28, 1909, gave
to complainants, who resided in North Carolina, an
option to purchase some 18,000 acres of land belonging
to the Lawrence J. Haughton estate. By its terms the
executor promised that upon payment to him of
$100,000 on or before November 1, 1909, he would de-
liver a deed to the holders of the option; the option
could be and was extended to January 1, 1910, under

certain of its provisions. On November 16, 1909, this option was assigned by complainants to the defendant John M. Gartside, who in consideration for such assignment agreed to pay or to secure the payment of $10,000, and on December 21, 1909, a mortgage was executed by defendants and delivered to complainants, which mortgage complainants seek to foreclose.

Among other matters presented by defendants' answer and by the crossbill, it was asserted that the mortgage was void for want of consideration, in that under the laws of North Carolina, Jones the executor, had no power to give an option to purchase the lands of the Haughton estate.

CHURCH, SHEPARD & DAY, for appellants; WILLIAM T. CHURCH, of counsel.

CHARLES H. ALDRICH, for appellees.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTORS AND ADMINISTRATORS, § 122*—*when giving of option not within power of executor.* An executor has no power to give an option for the sale of real property of the estate.

2. COURTS, § 152*—*what not obiter dictum.* An expression of an opinion upon a point of a case argued by counsel and passed upon by the court is not *obiter dictum.*

3. JUDGMENT, § 578*—*when decision of foreign State as to real property therein controlling.* The decision of the supreme court of a foreign State on a contract made within the State between its citizens touching land within the State is controlling.

4. MORTGAGES, § 412*—*when lack of consideration defense.* Where a mortgage given for an option is not enforceable against the person giving it, it is without consideration and cannot be enforced by an assignee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.